OPINION
Appellant, Desiree Custer, appeals from a judgment rendered by the Mahoning County Common Pleas Court, Juvenile Division, overruling her objections to the magistrate's decision and granting the motion requesting permanent commitment of the minor child, Wayne Dunning, Jr., which was filed by appellee, Mahoning County Children Services Board (CSB).
The minor child, Wayne Dunning, Jr. was born on February 12, 1998. Actual paternity of this child was never legally determined. Appellee received a referral with regards to the minor child in March of 1998, when it was reported that a friend of appellant's was holding the child and fell, thereby dropping him and making it necessary for him to receive immediate medical attention. Upon being interviewed on this date by a representative from CSB, appellant indicated that she did not feel physically and emotionally stable enough to care for the child. (Tr. 113, 115). The minor child was initially placed with the alleged paternal grandmother, however, appellant and the minor child then moved in with the maternal grandparents. Following difficulties with this living arrangement, the minor child was placed in a foster home. A voluntary care agreement was executed by appellant on March 25, 1998.
Appellee filed a complaint with the trial court on April 9, 1998, seeking temporary custody of the minor child. Appellant thereafter executed an agreement for temporary custody and the trial court granted such custody of the minor child to appellee. During the evaluation process, the minor child received a failure to thrive diagnosis and was identified as being developmentally delayed. A case plan was filed with the trial court on May 1, 1998 requiring that appellant maintain a stable residence; attend counseling at Parkview Counseling Center and consistently take medication to combat her borderline personality disorder; learn how to properly care for the minor child and keep a regular visitation schedule; and, attend parenting classes. On June 1, 1998, the trial court appointed a guardian ad litem for the minor child.
By judgment entry filed November 23, 1998, the trial court approved an amended case plan. The notes within the amended case plan indicated that appellant had been erratic in her attendance at counseling sessions and had only completed two out of six parenting classes. Appellee requested that an out-of-state home study be conducted with regards to the suitability of appellant's mother and step-father as potential custodians for the minor child. However, the study found that such individuals were not suitable.
On February 17, 1999, appellee filed a motion to modify temporary commitment to permanent commitment. A hearing on appellee's motion commenced before the court magistrate on June 8, 1999. The report and recommendation of the guardian ad litem was filed with the court on the same date. The hearing was continued for further testimony to July 8, 1999.
Several individuals testified on behalf of appellee, including: Lori Babik, appellant's caseworker through the Substance Abusing Mentally Ill Unit of the Mahoning County Chemical Dependency Program; Beth Levine, appellant's caseworker through Parkview Counseling Center; Alice Deatherage, appellant's present managing caseworker through CSB; and, Lenore Blanton, appellant's previous managing caseworker through CSB. Appellant testified on her own behalf.
Upon due consideration of the evidence and testimony presented, the court magistrate filed her decision on September 10, 1999. The magistrate found that reasonable efforts were made by appellee to prevent the need for permanent placement and/or to make it possible for the minor child to return to appellant. The magistrate pointed out that appellant had not net the dictates of the established case plan and that appellant admitted she was currently unable to parent the minor child. Thus, the magistrate determined that it would be in the best interest of the minor child to be placed in appellee's permanent custody, with power of adoption.
Appellant then filed objections to the magistrate's decision on September 16, 1999. Said objections were subsequently overruled by the trial court, which thereby adopted the magistrate's decision as its order in this matter. This appeal followed.
Appellant's sole assignment of error on appeal alleges:
 "THE STATE FAILED TO MEET ITS BURDEN OF PROOF IN ITS PERMANENT-CUSTODY MOTION, AND THE JUVENILE COURT ERRED IN GRANTING SAME."
Appellant argues that none of the witnesses presented by appellee were able to set forth specific reasons why it would be in the minor child's best interest to be placed in appellee's permanent custody. In fact, appellant maintains that all of the witnesses, and particularly Ms. Levine and Ms. Babik, indicated that she was making progress toward her goal of independence. Appellant insists that testimony which suggested that she made too many trips to the hospital with the minor child and that she did not know what to do or how to react in certain situations involving the minor child, was insufficient to substantiate a lack of parenting skills serious enough to warrant an award of permanent custody to appellee.
Appellant states that R.C. 2151.414(E) (1) requires a determination that a parent has continuously and repeatedly failed to remedy the situation which initially caused the minor child in question to be placed outside the home. Appellant avers that she has complied with the requirements of the CSB to improve her life situation. Appellant states that she established a stable residence, completed counseling, and participated in parenting classes. Appellant contends although she has been slow to progress, that does not mean that she failed to progress at all.
Finally, appellant points out that the minor child's maternal grandmother and her husband testified for purposes of refuting the out-of-state home study as being outdated and highly questionable. Appellant submits appellee relied upon the home study to support its contention that there were no relatives able to care for the minor child when such was not the case. Appellant concludes that the trial court's decision awarding permanent custody of the minor child to appellee was against the manifest weight of the evidence.
A juvenile court holding a hearing on a motion for permanent custody of a child who has been previously determined to be neglected, dependent, or abused must follow the statutory guidelines set forth in R.C. 2151.414, R.C. 2151.414(B) provides, in relevant part:
 "[T]he court may grant permanent custody of a child to a movant if the court determines at the hearing * * *, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
 "(1) The child is not abandoned or orphaned and the child cannot be placed with either of his parents within a reasonable time or should not be placed with his parents."
When making a determination as to what is in the best interest of the minor child, R.C. 2151.414(D) instructs the court to consider several enumerated and all other relevant factors. Additionally, if the court determines that the minor child should not be placed with the natural parents pursuant to R.C. 2151.414
(B) (1), the court must find by clear and convincing evidence that at least one of eight enumerated conditions set forth in R.C. 2151.414(E) exist which would prohibit such placement. Inre William S. (1996), 75 Ohio St.3d 95. Clear and convincing evidence is more than a mere preponderance of the evidence and requires a petitioner to prove each allegation clearly and convincingly, producing in the mind of the trier-of-fact a firm belief or conviction as to the facts sought to be established. Inre Brown (1994), 98 Ohio App.3d 337.
The condition enumerated in R.C. 2151.414(E) (1) states, in relevant part:
 "Following placement of the child outside his home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parent[s] to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly for a period of six months or more to substantially remedy the conditions causing the child to be placed outside the child's home * * *." (Emphasis added).
Finally, R.C. 2151.419 states, in pertinent part:
 "(A) At any hearing * * * at which the court removes a child from his home or continues the removal of a child from his home, the court shall determine whether the public children services agency or private child placing agency that filed the complaint in the case, * * *, has custody of the child, or will be given custody of the child has made reasonable efforts to prevent the removal of the child from his home, to eliminate the continued removal of the child from his home, or to make it possible for the child to return home. The agency shall have the burden of proving that it has made those reasonable efforts. * * *
 "(B) The court shall issue written finding of facts setting forth its determination under division (A) of this section. In its written finding of facts, the court shall briefly describe the relevant services provided by the agency to the family of the child and why those services did not prevent the removal of the child from his home or enable the child to return home."
This court has held that a trial court's judgment on appeal from an order terminating parental rights, will not be reversed if, upon a review of the record, we determine that the trial court had sufficient credible evidence to satisfy the clear and convincing standard. In the Matter of Honeycutt (Mar. 6, 1998), Belmont App. No. 95-BA-48, unreported, 1998 WL 124518, citing Inre Wise (1994), 96 Ohio App.3d 619; In the Matter of Larson
(Sept. 3, 1999), Belmont App. No. 97-BA-44, unreported, 1999 WL 771073. This court has previously stated that the issue is not whether appellee could have done more, but whether it did enough to satisfy the reasonableness standard under the statute.Honeycutt, 1998 WL 124518 at *3; Larson, 1999 WL 771073 at *3.
Upon a review of the record in the case at bar, we find that clear and convincing evidence existed to support the trial court's finding that the minor child could not be returned to appellant within a reasonable time and that it would be in the child's best interest to award permanent custody to appellee.
Appellee established and implemented a case plan for appellant which included maintaining a stable residence; attending counseling sessions and consistently taking medication to combat her borderline personality disorder; learning how to properly care for the minor child; visiting regularly with the minor child; and, attending parenting classes. Appellant herself testified that she continues to reside in a single room made available to her through her treatment program and has lived in such residence for quite some time. (Tr. 120). This was so even though appellant was well aware of the fact that such residence did not have proper facilities to accommodate children.
Appellant did attend her counseling sessions on a regular basis, however, she admitted that she remained emotionally unstable. (Tr. 122). Appellant also admitted that she had missed scheduled visitations with the minor child, but indicated that at the time of the hearing, she was attending such visits on a regular basis. (Tr. 117-118). Appellant likewise admitted that she did not attend all of the scheduled parenting classes as required by the case plan. (Tr. 124). Finally, appellant acknowledged that she was not physically, emotionally, or financially able to care for the minor child at the time of the hearing on appellee's motion and suggested that her mother and step-father would be in a better position to do so. (Tr. 128). Appellant offered this testimony despite the fact that she was aware that the out-of-state home study found her mother and step-father to be unsuitable to care for the minor child.
Lori Babik testified that appellant exceeded her required counseling sessions and was progressing in her treatment. (Tr. 16-17). However, Ms. Babik was not able to address any issues concerning appellant's parenting ability as she had no knowledge with regards to same. Beth Levine confirmed that appellant had been living in a single-room occupancy unit provided by the Substance Abusing Mentally Ill Program for approximately ten months, with no foreseeable departure date. (Tr. 23). Ms. Levine also explained that appellant's finances continue to be managed by the Mahoning County Payeeship Program. (Tr. 24). Ms. Levine stated that appellant required ongoing treatment in and assistance from the programs in which she had been involved. (Tr. 27). Ms. Levine testified that appellant had not acquired the appropriate skills to parent the minor child and that she would not be capable of raising the minor child. (Tr. 28, 33).
Alice Deatherage testified that appellant did not have an independent, stable residence. (Tr. 42). She explained that appellant had not acquired the parenting skills necessary to care for the minor child. (Tr. 45). Ms. Deatherage also stated that appellant was sporadic in her visits with the minor child, missing nine out of twenty-two visits from April 3, 1998 to August 26, 1998, and visiting only once from August 26, 1998 to December 9, 1998. (Tr. 49-50). Ms. Deatherage did indicate that appellant was improving in her visits with the minor child within the last several months prior to the hearing on appellee's motion. Ms. Deatherage testified that the minor child had a good probability of being adopted. (Tr. 54). Lenore Blanton, appellant's managing caseworker prior to Ms. Deatherage, essentially corroborated Ms. Deatherage's testimony.
Finally, upon an independent investigation, the guardian adlitem recommended that permanent custody of the minor child be granted to appellee. (Report with Recommendations of the Court Appointed Special Advocate filed June 8, 1999). The guardian made this determination based upon appellant's inability to deal with personal issues and fully progress toward family reunification given a period of over one year.
The court magistrate issued written findings which set forth her determination in this case and fully considered all evidence and testimony presented, along with the applicable statutory provisions. Given the foregoing, we find that the court had sufficient, credible evidence to find that appellant continuously and repeatedly failed to substantially remedy the condition which caused the minor child to be placed outside his home. It is clear by appellant's own testimony indicating she was currently unable to assume the responsibility of parenting the minor child that the best interests of the minor child warranted permanent custody being given to appellee.
Appellant's sole assignment of error is without merit. The judgment of the trial court is hereby affirmed.
Vukovich, J., concurs, Waite, J., concurs.
 ____________________ Gene Donofrio, Judge